## WINANS *et al. v.* HARDENBERGH *et al.*

A failure on the part of a plaintiff to make out his case, and error in the Court in refusing to instruct the jury as in case of nonsuit, can be cured by the testimony of the defence.

APPEAL from the District Court of the Sixth Judicial District.

Winans & Hyer, in the Court below, sued Hardenbergh & Henarie on their promissory note. The defence, on the part of Hardenbergh, the only defendant who answered, was that the note had been given by his co-defendant, Henarie, after the dissolution of the copartnership. On the trial, the plaintiffs deeming the execution of the note admitted, introduced it in evidence, and after proving the amount of interest that had accrued thereon, rested their case. Whereupon defendants' counsel moved the Court to instruct the jury as in case of nonsuit. This motion was overruled. The defendant Hardenbergh then called Henarie as a witness, who testified that the firm of Hardenbergh & Henarie had never been formally dissolved, and that the note was given for a firm-debt due plaintiffs.

Judgment for plaintiffs. Defendants moved for a new trial, which being denied, they appealed.

*W. S. Long* for Appellants.

The court ought to have instructed the jury as in a nonsuit, because the action was against Hardenbergh & Henarie as copartners, and plaintiffs could not recover until they established the fact that they were copartners at the time of the execution of the note, which they failed to do.

The Court erred in its instructions.

The verdict of the jury was contrary to the testimony in this: That it is shown that plaintiffs were the attorneys of defendants and drew up the bill of sale from defendants to Bidleman, and consequently had full notice of the dissolution of the partnership, and it is also shown that the note is ante-dated, so as to make it go behind the date of the dissolution, and after the dissolution neither partner has a right to give a note in the name of the partnership.   The note is joint, and the judgment should have been against both.

The judgment is for a larger sum than is prayed for in the complaint.

*George Cadwalader* for Respondents.

The complaint, in this cause, alleges, that on the thirteenth of August, 1853, the firm of Hardenbergh & Henarie, for a valuable consideration, made and delivered to Winans & Hyer, their certain promissory note, payable two days after date, for the sum of fifteen hundred dollars; and that, although payment of the note has been demanded of the makers thereof, the same has not been paid, in whole or part.   A copy of the note is set out in the complaint.

In this action, the appellant, Hardenbergh, filed his separate answer, which, we contend, is purely frivolous, in every particular : First, because it fails to deny a material allegation of the complaint; and second, had Hardenbergh, on the trial below, proved all that his answer contained, it would not then have presented any defence to the action.   9 Howard, 45, 150; 5 ib., 247; 8 ib., 149.

If we are correct in this, an issue has never been presented by the pleadings, and the trial of this cause in the Court below, was the mere determination of Hardenbergh's hypothesis, that he did not know of a greater indebtedness from Hardenbergh & Henarie to Winans & Hyer, than the sum of seven hundred dollars.   However, assuming, for the sake of argument, that the objection, that an answer is frivolous, cannot be raised for the first time in an Appellate Court, there was not a particle of evidence that went to sustain the belief that appellant did not owe this sum to Winans and Hyer, although the Court below permitted (as we think erroneously) the introduction of D. V. B. Henarie, as a witness in behalf of his co-obligor and co-defendant, Hardenbergh, whose testimony is, in every particular, favorable to our cause.

The record discloses but one objection saved by the appellant in the Court below.   It is this: After the introduction of the note, in evidence, counsel for defendant moved the Court to instruct the jury, " as in case of nonsuit."

The Court's refusal was correct; the facts did not warrant it, the law does not recognize such an instruction.

If defendant desired a nonsuit, he should have asked for it properly. Whether a nonsuit should be granted or refused, is a question for the Court to decide, and with which the jury have nothing to do. It is also a matter of discretion with the Court, and such orders are not reviewed in Appellate Courts, without the abuse of such discretion, has been gross. 12 Barb., 108.

The only ground for the nonsuit was, that the execution of the note, and the partnership between Hardenbergh and Henarie, was not proved. Our answer to this is, that the answer admitted both facts. Prac. Act, §§ 53 and 66.

Again, admitting that the Court erred in refusing the nonsuit, the testimony of Henarie shows the execution of the note, and the existing partnership, thereby curing the error of which appellant complains. Smith v. Compton, Jan. T., 1856.

The nonsuit was properly refused, because the answer admits an indebtedness of seven hundred dollars, for which amount we were entitled to judgment upon the pleadings alone.

In conclusion, the case has been fully and fairly tried in the Court below, appellant having had every opportunity of weighing this claim in his own balances, assisted by his copartner as his principal witness. That the result could have been different, is hard to imagine ; or an appeal, more naked in its character, or more audacious in its supplication to the revisory power of this Court, would be hard to discover from the multitude of cases brought before this Court.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The only exception taken by appellant in the Court below, was to the refusal of the Court to instruct the jury, as in case of nonsuit, upon the close of the plaintiff's testimony. If this were an error, it was cured by the introduction of evidence on the part of defendants, which supplied every omission in plaintiff's case, and conclusively established his right to recover. Smith v. Compton, Jan. T., 1856. The appeal is without merit, and was evidently taken for delay.

Judgment affirmed, with ten per cent. damages, and costs.